

May 25th, 2019

**VIA ECF**
Hon. Jesse Furman

Your Honor,

    This firm represents Plaintiff Jessica Toxqui ("Plaintiff") in the above-referenced matter. Plaintiff writes jointly with Defendants to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as Exhibit A.

    Plaintiff has agreed to settle all her claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff claims asserted in this case as outlined more specifically in the attached Agreement.

    The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

*Lina Franco*

Lina Franco, Esq.

Hon. Jesse Furman
Eastern District of New York
May 27, 2019
Page 2

### I. Statement of the Case

This is an action for money damages brought by Plaintiff Jessica Toxqui. On May 28th, 2018 filed the original Complaint in this action, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Specifically, Plaintiff was employed by Defendants as waitress at a restaurant doing business under the name "ESTRELLITA POBLANA II". Plaintiff alleges Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay her appropriate overtime, failure to pay spread of hours pay pursuant to the spread of hours wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, 146-1.6 (herein the Spread of Hours Wage Order), and violation of the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. §195).

### II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $35,000 to settle all her claims. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Plaintiff's estimate of her damages if she were fully successful on all of her arguments at trial are $148,760.00 excluding attorney's fees and costs. Of this total amount, $65,862.50 represents Plaintiffs actual damages, and $65,862.50 liquidated damages. Additionally, $10,000 represent New York Labor Law record keeping and notice violations and $7,035.00 liquidated damages for Spread of Hours Pay.

The total settlement amount of $35,000 will be distributed in accordance with Paragraph 1 of the enclosed Settlement Agreement.

While the proposed settlement amounts are less than what would be the full amount of Plaintiffs' recovery if Plaintiff were to successfully prosecute her claims, the settlement amounts are nonetheless fair because of the risk to the Plaintiffs that she may not prevail on some or all of her claims. Plaintiff believes that this settlement is an adequate result for the Plaintiff, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.")

### III. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $11,667 from the settlement fund as attorneys' fees. This represents a third (33%) of the settlement fund and constitutes the number reflected in the Plaintiff's retainer agreement plus costs (totaling $700: $400 for Complaint and $300 for Service).

The amount provided to Plaintiff' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's experience representing Plaintiffs in the New York City in wage and hour litigation, counsel was able to obtain a good result with relatively low time and expense. A brief biography of the attorney who performed billed work in this matter is as follows:

> a. Lina Franco is the Managing Member of Stillman Legal, P.C, and has been practicing law since 2012. From 2012-2015, she was an associate at the firm of Michael Faillace and Associates, P.C., where she practiced exclusively in the areas of Labor and Employment with emphasis on wage and hour litigation. In 2015, she opened a law firm in response to the immigrant community need for Spanish Speaking attorneys to care for her interests exclusively.
> Ms. Franco is also a professor at Borough of Manhattan Community College teaching 4th Amendment law to college seniors. She is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association. Ms. Franco's Hourly rate is $300.

### **Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of her clients. Plaintiffs' interests have thus been adequately safeguarded. Additionally, dismissal of this action will not prejudice

Hon. Jesse Furman
Eastern District of New York
May 27, 2019
Page 4

anyone other than the named Plaintiff. In full consideration of all the issues, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

      Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                              Respectfully submitted,

                              <u>/s/Lina Franco</u>
                              STILLMAN LEGAL, PC
                              Attorneys for the Plaintiff

                              <u>/s/Ben Sharav</u>
                              Attorneys for the Defendants

Enclosures