UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jessica R. Toxqui *individually and on behalf of others similarly situated,*<br>                           Plaintiff,<br><br>La Perla Mixteca Restaurant Corp., (d/b/a Estrellita Poblana II) Hector Leonel Gonzalez and Paola Gonzalez<br>                           *Defendants.* | SETTLEMENT AGREEMENT<br>AND<br>RELEASE<br><br>1:18-cv-04692 |

      This Settlement Agreement and Release ("Agreement") is entered into by and among Plaintiff JESSICA TOXQUI, "Plaintiff", and Defendants LA PERLA MIXTECA RESTAURANT CORP., (D/B/A ESTRELLITA POBLANA II ) HECTOR GONZALEZ AND PAOLA GONZALEZ (altogether "Defendants").

      WHEREAS, Plaintiff alleges that Defendants were his employers during all periods relevant to the litigation;

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which has resulted in the filing of an action in the United States District Court for the Southern District of New York, civil action number 1:18-cv-04692 ("Case"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

      WHEREAS, Defendants deny any violation of federal and state wage, hour and labor laws as well as all other claims asserted in the Complaint; and

      WHEREAS, the parties desire to resolve the Case without the necessity of further litigation;

      NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1. <u>Consideration</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and full, complete, and final satisfaction of any and all claims Plaintiff has asserted as well as all potential claims Plaintiff may have against Defendants, through and including the date upon which the Parties execute this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of THIRTY FIVE THOUSAND DOLLARS ($35,000) (the "Settlement Amount"), to be paid to Plaintiff's counsel Lina Franco Law PC. at 42 Broadway, Suite 12-126, New York, New York 10004 ("Plaintiff's counsel") as follows:

(a) **AS TO DEFENDANS HECTOR LEONEL GONZALEZ AND PAOLA GONZALEZ:** Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and full, complete, and final satisfaction of any and all claims Plaintiff has asserted as well as all potential claims he may have against Defendants, through and including the date upon which the Parties execute this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of THIRTY FIVE DOLLARS ($35,000) to be paid to Plaintiff's counsel as follows:

    i. Installment One (1): A check in the amount of TWENTY THOUSAND DOLLARS ($20,000) made payable to "Lina Franco, as Attorney for Plaintiff," for immediate deposit within thirty (30) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

    ii. Installment Two (2): A post-dated check in the amount of Three Thousand Dollars ($3,000) made payable to "Lina Franco, as Attorney for Plaintiff," for immediate deposit within sixty (60) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

    iii. Installment Three (3): A post-dated check in the amount of Three Thousand Dollars ($3,000) made payable to "Lina Franco, as Attorney for Plaintiff," for immediate deposit within ninety (90) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

    iv. Installment Four (4): A post-dated check in the amount of Three Thousand Dollars ($3,000) made payable to "Lina Franco, as Attorney for Plaintiff," for immediate deposit within one hundred and twenty (120) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

    v. Installment Five (5): A post-dated check in the amount of Three Thousand Dollars (($3,000) made payable to "Lina Franco, as Attorney for Plaintiff," for immediate deposit within one hundred and fifty (150) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

vi. Installment Six (6): A post-dated check in the amount of Three Thousand Dollars ($($3,000) made payable to "Lina Franco, as Attorney for Plaintiff," for immediate deposit within one hundred and eighty (180) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

2. Indemnification: Plaintiff agrees to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon the settlement payments. Plaintiff shall be solely responsible for the payment of any taxes owed. Plaintiff represents that no tax advice has been given to him by Defendants or their representatives and Plaintiff understands that Defendants make no representation or guarantee as to the tax consequences of these payments.

3. Form W-9: Plaintiff's counsel shall provide an IRS Form W-9 to Defendants before any of the Settlement Payment can be made.

4. Form 1099: Defendants shall provide to Plaintiff's counsel an IRS Form 1099 Misc. for the Gross Settlement Payment.

5. Full Satisfaction: Plaintiff agrees and acknowledges that, upon payment by Defendants in this matter, he will have been properly paid for all hours worked for the Defendants, that all salary, wages, commissions, bonuses, and other compensation due to Plaintiff has been paid, and that Plaintiff is not owed anything else from Defendants other than as provided for in this Agreement.

6. Confession of Judgement: Simultaneously with the execution of this Agreement, Defendants shall deliver to Plaintiff's counsel an executed affidavit for confession of judgment. In the event Defendants are in default of any payment in paragraph 1 of this Agreement, Plaintiff shall provide ten (10) calendar days written notice to Defendants pursuant to Paragraph 17 of this Agreement.

If Defendants do not cure the defect within ten (10) days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety, and Plaintiff may file the affidavit for confession of judgment. Defendants shall be entitled to a set-off of any portion of the Payment already paid prior to the filing of the confession of judgment.

In the event that the Defendants default in their payment, it shall not be deemed a default by Defendants Hector and Paola Gonzalez and shall not cause Defendants Hector and Paola Gonzalez to immediately pay any portion of his unpaid settlement payments in accordance with paragraph 1(a) and Plaintiff may not file a confession of judgment against Defendants Hector and Paola Gonzalez . Likewise, if Defendants Hector and Paola Gonzalez defaults in his

payment, it shall not be deemed a default by the Defendants and it shall not cause Defendants to immediately pay any portion of their unpaid settlement payments in accordance with paragraph 1(b) and Plaintiff may not file a confession of judgment against Defendants.

7. Dismissal: The Parties shall execute, and the Defendants shall cause their counsel to file with the Court a Stipulation of Dismissal of this Litigation, with prejudice, in substantially the form set forth in Exhibit A to this Agreement.

8. Release and Covenant Not To Sue: Plaintiff unconditionally releases Defendants from, forever discharges Defendants and other corporate affiliates and each of their respective present and former employees, officers, owners, attorneys, shareholders and agents, individually and in their official capacities, (hereinafter "Releasees") for any and all charges, complaints, claims, causes of action, suits, debts, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, (hereinafter referred to as "claim" or "claims") which Plaintiff had, claims or claimed to have had against any of the related to the Litigation in this Case, such such as liability under the Fair Labor Standards Act ("FLSA"), 29U.S.C. §§ 201 et seq., the New York State Labor Law §650 et. seq., as recently amended by the Wage Theft Prevention Act ('WTPA"), N.Y. Lab Law §195(3), and related provisions of Title 12 of New York Codes, Rules and Regulations (NYCRR"). except that nothing in this Agreement shall operate to preclude Plaintiff from making truthful statements to any party related to the case.

9. No Admission of Wrongdoing: Nothing herein shall be construed to be an admission by Defendants of any wrongdoing or noncompliance with any federal, state, city, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or of any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever. Defendants specifically disclaim and deny any wrongdoing or liability

10. No Future Employment: Plaintiff waives all rights and claims to reinstatement as employee or independent contractor with Defendants and agrees that he will not knowingly seek or accept future employment with Defendants or, and other corporate affiliates or with any successor or assign.

11. No Participation in Claims: Plaintiff agrees that, unless prohibited by law, he waives the right to voluntarily assist other individuals or entities in bringing claims against the Releasees.

12. Non-Disparagement: Plaintiff agrees that he will not say, write or cause to be said or written, directly or indirectly, any statement that may be considered

defamatory, derogatory or disparaging with respect to Defendants. Defendants agree that they will not say, write or cause to be said or written, directly or indirectly, any statement that may be considered defamatory, derogatory or disparaging with respect to Plaintiff. Nothing in this Paragraph 12 shall prohibit any Party from responding truthfully to any inquiry related thereto.

13. Headings: The section headings contained in this Agreement are for convenience of reference only, are not intended to be a part of this Settlement Agreement and shall not be construed to define, modify, alter or describe the scope or intent of any of the terms, covenants or conditions of this Agreement.

14. Successors: This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, successors and assigns.

15. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants and approved by a judge for the Southern District of New York.

16. Acknowledgment: The Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. Plaintiff acknowledges that he is voluntarily entering into this Agreement knowingly and of his own free will and without undue influence or stress. He further acknowledges and agrees that the only consideration for signing this Agreement is as set forth in this Agreement.

17. Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following FedEx delivery with proof of signature. Notice hereunder shall be delivered to:

   To Plaintiff:
   Lina Franco, Esq.
   **LINA FRANCO LAW PC**
   42 Broadway, 12th Floor
   New York, NY 10004
   Tel: 800-933-5620
   Email: LinaMFranco@gmail.com

   To Defendants:
   Victor J Molina, Esq
   Benjamin Sharav, Esq
   Law Office of Victor J Molina

930 Grand Concourse, Suite 1A
Bronx, NY 10451
Tel; 718-401-1600
Email; v.j.molina@verizon.net
Juris_ben@msn.com

18. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.

19. Enforceability: If any term or provision of this Agreement or the application thereof to any person, entity or circumstance shall to any extent be determined by a court of competent jurisdiction to be is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, or the application of such terms or provisions to such person, entity or circumstance other than those that are held invalid or unenforceable. The Parties authorize the court to reduce in scope or modify, if possible, all invalid or unenforceable provisions, so that they become valid or enforceable.

20. Release Notification: Defendants have advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Lina Franco , Esq. of Lina Franco Law, P.C. Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he has made this decision after a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorney. Plaintiff confirms that this Agreement has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

21. Counterparts: To signify their agreement to the terms of this Agreement, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Facsimile or scanned and e-mailed signatures shall be deemed valid and binding for such purposes.

22. Entire Agreement: This Agreement contains all of the understandings and representations between Plaintiff and Defendants relating to the subject matter herein and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, with respect to such subject matter.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

STATE OF NEW YORK   )
                    )SS.:
COUNTY OF NEW YORK  )

On 28, of April 2019 before me personally came to me known and known to me to be the individual described below, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____ Notary Public

Dated: 5/24/19

LINA M FRANCO
NOTARY PUBLIC STATE OF NEW YORK
KINGS COUNTY
LIC. # 02FR6276754
COMM. EXP. 2/25/24

_____
JESSICA P. RUBY TOXQUI

Dated: May 15, 2019

_____
HECTOR LEONEL GONZALEZ
individually and as Owner and President of
LA PERLA MIXTECA RESTAURANT
CORP., D/B/A ESTRELLITA POBLANA
II

STATE OF NEW YORK   )
                    )SS.:
COUNTY OF BRONX     )

On __15th__, May 2019, before me personally came, HECTOR LEONEL GONZALEZ, to me known and known to me to be the individual described below, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

**Victor J. Molina**
Notary Public, State of New York
No.: 02MO6249338
Qualify in Bronx County
Commission Expires
Nov., 7th 20___19

_____
Notary Public

Dated: 5/15/2019

_____
PAOLA GONZALEZ individually and as
Owner and President of LA PERLA
MIXTECA RESTAURANT CORP., D/B/A
ESTRELLITA POBLANA II)

STATE OF NEW YORK   )
                    )SS.:
COUNTY OF NEW YORK  )

On __15th__, May 2019, before me personally came, PAOLA GONZALEZ, to me known and known to me to be the individual described below, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

**YULIYA ARONOVA**
NOTARY PUBLIC-STATE OF NEW YORK
No. 01AR6143222
Qualified In Queens County
My Commission Expires April 03, 2022

_____
Notary Public

Page 8 of 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESSICA RUBY TOXQUI, individually and on behalf of others similarly situated

    *Plaintiff,*

-against-

LA PERLA MIXTECA RESTAURANT CORP., CORP.,(D/B/A ESTRELLITA POBLANA II ) Hector Leonel Gonzalez and Paola Gonzalez

    *Defendants.*

---

**STIPULATION OF DISMISSAL**

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that pursuant to Fed. R. Civ. Procedure 41(a)(1)(A)(ii), the Complaint and any and all claims that were or could have been asserted in this action by any party are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Dated: New York, New York

\_\_\_\_\_5/22\_\_\_\_\_, 2019

_____
Lina Franco , Esq.
Lina Franco Law PC
42 Broadway, 12th Floor
New York, New York 10004

*Attorneys for Plaintiff*

Dated: New York, New York

_____, 2019

_____

*Attorneys for Defendants LA PERLA MIXTECA RESTAURANT CORP., D/B/A ESTRELLITA POBLANA II ) AND HECOR LEONEL GONZALEZ AND PAOLA GONZALEZ*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESSICA RUBY TOXQUI, individually and on behalf of others similarly situated

    *Plaintiff,*

-against-

LA PERLA MIXTECA RESTAURANT CORP., CORP.,(D/B/A ESTRELLITA POBLANA II ) Hector Leonel Gonzalez and Paola Gonzalez

    *Defendants.*

---

**STIPULATION OF DISMISSAL**

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that pursuant to Fed. R. Civ. Procedure 41(a)(1)(A)(ii), the Complaint and any and all claims that were or could have been asserted in this action by any party are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Dated: New York, New York

_____, 2019

_____
Lina Franco , Esq.
Lina Franco Law
PC
42 Broadway, 12th Floor
New York, New York 10004

*Attorneys for Plaintiff*

Dated: New York, New York

5/15, 2019

_____

*Attorneys for Defendants LA PERLA MIXTECA RESTAURANT CORP., D/B/A ESTRELLITA POBLANA II ) AND HECOR LEONEL GONZALEZ AND PAOLA GONZALEZ*