UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                 :

JESSICA R. TOXQUI, *individually and on behalf of others similarly situated*,

                                                Plaintiff,

-v-

LA PERLA MIXTECA RESTAURANT CORP. (d/b/a ESTRELLITA POBLANA II), HECTOR LEONEL GONZALEZ, and PAOLA GONZALEZ,

                                                Defendants.

------------------------------------------------------------------------X

18-CV-4692 (JMF)

ORDER APPROVING SETTLEMENT

JESSE M. FURMAN, United States District Judge:

      The parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court that they had agreed to a settlement. *See* Docket No. 50. By Order entered May 8, 2019, the Court directed the parties to submit letters explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). *See* Docket No. 51.

      The Court, having reviewed the parties' letter, dated May 25, 2019, *see* Docket No. 54, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual claim as well as the risks and expenses involved in additional litigation. *See id*. Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at *1 (citation omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the case here, *see, e.g.*, *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (fact that plaintiffs are "no longer employees of the defendants . . . reduc[es] the danger that the release was obtained through improper job-related pressure").

      The settlement approval is subject to the following conditions. First, any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it. Second, to the extent the settlement agreement allows Plaintiff's counsel to deduct fees and costs from any payment installation, it is hereby modified to allow counsel to deduct no more than a pro rata share of each installment.

In addition, Plaintiff seeks approval of $11,667 in attorney's fees.  Although the proposed award of attorney's fees is high relative to the size of the Plaintiff's claim and recovery, the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and her attorney.  *See Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 377 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and antagonism between the plaintiff and his attorney— i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation.").  Courts in this Circuit typically approve attorneys' fees that range between 30% and 33%.  *See Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g.*, *Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013).

Accordingly, the Court approves the settlement subject to any modification discussed above.  The Court dismisses the case with prejudice.

The Clerk of the Court is directed to close this case.  All pending motions are moot.

SO ORDERED.

Dated: May 30, 2019
New York, New York

JESSE M. FURMAN
United States District Judge